**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

ROBERT C. FABIAN,                 :
                                         :

      Plaintiff,             :      Case No. 3:25-cv-73
                                         :

      v.                    :      Judge Thomas M. Rose
                                         :

CITY OF DAYTON, *et al.*,           :      Magistrate Judge Peter B. Silvain, Jr.
                                         :

      Defendants.         :
                                         :

---

**ENTRY AND ORDER DENYING MOTION FOR RECONSIDERATION AND
RELIEF FROM ORDER DENYING LEAVE TO AMEND COMPLAINT (DOC.
NO. 19)**

---

This case is back before the Court on Plaintiff Robert C. Fabian's ("Fabian") Motion for Reconsideration and Relief from Order Denying Leave to Amend Complaint ("Motion") (Doc. No. 19). For context, the Court previously denied Fabian leave to amend his Complaint (Doc. No. 2) because, despite his claims of hardship, Fabian failed to demonstrate good cause for filing an amended complaint out of time. (*See* Doc. No. 18.) Invoking Fed. R. Civ. P. 60(b), Fabian now seeks to undo the Court's prior Order. (Doc. No. 19 at PageID 120, 123-24.) In large part, Fabian restates arguments the Court previously rejected regarding his alleged hardships. (*Id.* at PageID 121-22.) Otherwise, Fabian submits that he would like to amend his Complaint to attach evidence that had previously been lost to him. (*Id.* at PageID 122-23.)

Rule 60(b) allows litigants to move for relief from judgment on any of the following grounds:

     (1) mistake, inadvertence, surprise, or excusable neglect;
     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

1

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Notwithstanding this list of reasons to grant a litigant relief from judgment, "a Rule 60(b) motion is properly denied where the movant attempts to use such a motion to relitigate the merits of a claim and the allegations are unsubstantiated. *Barnes v. Clinton*, 57 F. App'x. 240, 241 (6th Cir. 2003) (citing *Mastini v. Am. Tel. & Tel. Co.*, 369 F.2d 378, 379 (2nd Cir. 1966)).

Upon review, the court finds Fabian's Motion to be unavailing.  To start, Fed. R. Civ. P. 60(b) offers relief from *judgment* and Court has entered no judgment in this case to relieve Fabian from.  Though, even if Fabian's Motion were procedurally sound, the attachments presented with the instant Motion do not obviate the Court's earlier findings.  Fabian simply vies to relitigate his motion to amend the Complaint.  Moreover, where Fabian adds that he now possesses evidence he did not have at the time he filed his initial Complaint, such evidence does not necessitate an amendment of the pleadings here.  Fabian acknowledges that he would not use his new-found evidence to change the nature of his allegations.  His evidence then best fits the discovery process, whereby Fabian must turn over his evidence to counsel for the Defendants upon timely request.  And, ultimately, Fabian may use his evidence, along with whatever evidence he is able to elicit from Defendants through discovery, to argue the merits of his case.  In other words, the Court is not telling Fabian that he can never present his evidence, but is simply stating that an amended complaint is an inapt vehicle it.  Hence, Fabian's Motion for Reconsideration and Relief from Order Denying Leave to Amend Complaint (Doc. No. 19) is hereby **DENIED**.

2

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, May 19, 2026.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

3